IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DONALD D. JOHNSON,  )
  )
    Plaintiff,  )
  )
v.  )   NO. 2:05-0049
  )   JUDGE HAYNES
SMITH COUNTY, TENNESSEE; and  )
JOHNNY C. BANE, individually  )
and in his official capacity as Sheriff  )
of Smith County, Tennessee,  )
  )
    Defendants.  )

**MEMORANDUM**

Plaintiff, Donald D. Johnson, filed this action under 42 U.S.C. § 1983, against Defendants: Johnny C. Bane in his individual and official capacity as Sheriff of Smith County, Tennessee, and Smith County, a political subdivision of Tennessee. Plaintiff asserts that the Defendant Bane violated his Fourth Amendment rights in the seizure and detention of the Plaintiff by Bane's deputies.

Before the Court is the Defendant Bane's motion to dismiss or for summary judgment. (Docket Entry No. 11) contending, in sum, that the undisputed facts entitle him to qualified immunity. Plaintiff responds that the Defendant Bane's intent on these events precludes an award of summary judgment.

### A. Finding of Fact[1]

---

[1] Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As will be discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477

On April 18, 2005, the Sheriff's Department received a 911 call reporting a domestic disturbance involving a gun and possible shots fired. (Docket Entry No. 15, Plaintiffs' Response to Defendants' Statement of Undisputed Facts at ¶ 2). Deputy Sheriffs went to 106 McClures Bend Lane, Plaintiff's home, where the deputies observed a man with a "long gun" in his hands. Id. at ¶¶ 2, 3 and 4. The deputies asked the man to drop the gun, but instead he fired at the deputies and disappeared into the woods behind the house. Id. at ¶ 4. The deputies did not return fire. Id. When Bane arrived, he was told that a another adult male was in the house, the shooter was the father and that several weapons were in the home. Id. at ¶ 5. Plaintiff, the adult male in the house, was detained. Id. A resident of the home consented to a search and several guns were seized. Id. at ¶ 6.

The man who had disappeared in the woods was arrested and was taken before a judicial commissioner who committed the man to jail. Id. at ¶ 7. This person was charged with three counts of attempted murder, two counts of reckless endangerment, one count of felony evading arrest, and one count of aggravated domestic assault. Id. Plaintiff was taken before the judicial commissioner, who committed him to jail pending a full investigation of the incident. Id. at ¶ 8. Plaintiff was released the next morning. Id.

## B. Conclusions of Law

"The very reason of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed. 1989). Moreover,

---

U.S. 317 ,(1986). The Court concludes that there are not any material factual disputes. (See Docket Entry No. 15, Plaintiff's Response to Defendants' Statement of Undisputed Facts). Thus, this section constitutes findings of fact under Fed.R.Civ.P. 56(d).

"district courts are widely acknowledged to possess the power to enter summary judgment <u>sua sponte</u>, so long as the opposing party was on notice that she had to come forward with all of her evidence." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). <u>Accord</u>, <u>Routman v. Automatic Data Processing, Inc.</u>, 873 F.2d 970, 971 (6th Cir. 1989).

In <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment `shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.
>
> <u>As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment</u>. Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a material fact for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no `genuine issue for trial.'" <u>Matsushita Electrical Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted).

A motion for summary judgment is to be considered after adequate time for discovery. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where there has been a reasonable opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary

3

judgment. Emmons v. McLaughlin, 874 F.2d 351, 355-57 (6th Cir. 1989). But see Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

There is a certain framework in considering a summary judgment motion as to the required showing of the respective parties as described by the Court in Celotex

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

Celotex, 477 U.S. at 323 (emphasis deleted).

As the Court of Appeals explained, "[t]he moving party bears the burden of satisfying Rule 56(c) standards." Martin v. Kelley, 803 F.2d 236, 239, n. 4 (6th Cir. 1986). The moving party's burden is to show "clearly and convincingly" the absence of any genuine issues of material fact. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir. 1991)(quoting Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of `demonstrating the absence of a genuine issue of material fact,' the nonmoving party then `must set forth specific facts showing that there is a genuine issue for trial.'" Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989) (quoting Celotex and Rule 56(e)).

Once the moving party meets its initial burden, the Court of Appeals warned that "[t]he respondent must adduce more than a scintilla of evidence to overcome the motion [and]. . . must `present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)(quoting Liberty Lobby). Moreover, the Court of Appeals explained that

4

> The respondent must `do more than simply show that there is some metaphysical doubt as to the material facts.' Further, `[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is `implausible.'

Street, 886 F.2d at 1480 (cites omitted). See also Hutt v. Gibson Fiber Glass Products, No. 89-5731 (6th Cir. filed September 19, 1990) ("A court deciding a motion for summary judgment must determine `whether the evidence presents a sufficient disagreement to require a submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." quoting Liberty Lobby)).

If both parties make their respective showings, the Court then determines if the material factual dispute is genuine, applying the governing law.

> More important for present purposes, <u>summary judgment will not lie if the dispute about a material fact is `genuine' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party</u>.
>
> * * *
>
> Progressing to the specific issue in this case, we are convinced that <u>the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits</u>. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, <u>the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented</u>. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. <u>The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- `whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed</u>.'

Liberty Lobby, 477 U.S. at 248, 252, 106 S. Ct. 2505, 91 L.Ed.2d at 211-212, 214 (citation

omitted and emphasis added).

It is likewise true that

> [I]n ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. It has been stated that: `The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute. . . .'

Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962) (citation omitted). As the Court of Appeals stated, "[a]ll facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." Duchon v. Cajon Company, 791 F.2d. 43, 46 (6th Cir. 1986) app. 840 F.2d 16 (6th Cir. 1988) (unpublished opinion) (citation omitted).

The Court of Appeals further explained the District Court's role in evaluating the proof on a summary judgment motion

> A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Rule 56 contemplates a limited marshalling of evidence by the nonmoving party sufficient to establishing a genuine issue of material fact for trial. This marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of." Webster's Third New InterNational Dictionary (1986).
>
> Of course, the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies; but that need for specificity must be balanced against a party's need to be fairly apprised of how much specificity the district court requires. This notice can be adequately accomplished through a local court rule or a pretrial order.

InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) cert. denied 110 S.Ct. 1839,

6

108 L.Ed.2d 967 (1990). Here, the parties have given some references to the proof upon which they rely. Local Rule 8(b)(7)(A) and (C) require a showing of undisputed and disputed facts.

In Street, the Court of Appeals discussed the trilogy of leading Supreme Court decisions, and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing `the absence of a genuine issue of material fact' as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: `whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law.'

6. As on federal directed verdict motions, the `scintilla rule' applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must `present affirmative evidence in order to defeat a properly supported motion for summary judgment.'

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the `old era' in evaluating the

7

respondent's evidence. The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, `[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.

Street, 886 F.2d at 1479-80.

The Court has distilled from these collective holdings four issues that are to be addressed upon a motion for summary judgment: (1) has the moving party "clearly and convincingly" established the absence of material facts?; (2) if so, does the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense?; (3) if factual support is presented by the nonmoving party, are those facts sufficiently plausible to support a jury verdict or judgment under the applicable law?; and (4) are there any genuine factual issues with respect to those material facts under the governing law?

As to Defendant Bane's qualified immunity contention, qualified immunity means that the § 1983 plaintiff who seeks damages must show that the legal right was clearly established at the time of the violation. Mitchell v. Forsyth, 472 U.S. 511 (1985); Harlow v. Fitzgerald, 457 U.S. 800 (1982 ). In Siegert v. Gilley, 500 U.S. 226 (1991), the Supreme Court addressed the proper analytical framework for determining qualified immunity and the first step is to decide if a federal right is presented.

> We have on several occasions addressed the proper analytical framework for determining whether a plaintiff's allegations are sufficient to overcome a defendant's defense of qualified immunity asserted in a motion for summary judgment. Qualified immunity is a defense that must be pleaded by a defendant official. Gomez v. Toledo, 446 U.S. 635, 64 L.Ed.2d 572, 100 S.Ct. 1920 (1080); Harlow, 457 U.S. at 815, 73 L.Ed.2d 396, 102 S.Ct. 2727. Once a defendant pleads a defense of qualified immunity, "[o]n summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. . . . Until this threshold immunity question is resolved, discovery should not be allowed." Id. at

8

818.

Id. at 231.

In a word, "[w]hen confronted with a claim of qualified immunity, a court must first ask the following questions: 'Taken in the light most favorable to the party asserting the injury, do the facts alleged show that officer's conduct violated a constitutional right?'" Brosseau v. Haugen, 125 S.Ct. 596, 598 (2005). Here, it is undisputed that there is a Fourth Amendment right to be free of an unlawful seizure and excessive use of force.

As to the next step, the Sixth Circuit defined whether a right is clearly established, is determined by a prior decision of " by the highest court in the state where the case arose, by a United States Court of Appeals, or by the Supreme Court." Robinson v. Bibb, 840 F.2d 349, 351 (6th Cir. 1988) (citation omitted). Later, the decisions of the District Court also could be included in deciding whether the right at issue was clearly established at the time of the alleged violation.

> Our review of the Supreme Court's decisions and of our own precedent leads us to conclude that, in the ordinary instance, <u>to find a clearly established constitutional right, a district court must find binding precedent by the Supreme Court, its Court of Appeals or itself. In an extraordinary case, it may be possible for the decisions of other courts to clearly establish a principle of law.</u> For the decisions of other courts to provide such `clearly established law,' these decisions must both point unmistakably to the unconstitutionality of the conduct complained of and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting. Here a mere handful of decisions of other circuits and district courts, which are admittedly novel, cannot form the basis for a clearly established right in this circuit.

Ohio Civil Serv. Employees Ass'n v. Seiter, 858 F.2d 1171, 1177-78 (6th Cir. 1988)(emphasis added); accord Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993) (explaining that the resort to decisions of other courts arises only "in an extraordinary case.").

9

In <u>Lavado</u>, the Court focused on what a reasonable official in that defendant's capacity would have reasonably known to be unlawful.

> We have explained that "[t]he relevant inquiry focuses on <u>whether a reasonable official in the defendant's position could have believed his conduct to be lawful, considering the state of the law as it existed when the defendant took his challenged actions.</u>" <u>Poe v. Haydon</u>, 853 F.2d 418, 423-24 (6th Cir. 1988), <u>cert. denied</u>, 488 U.S. 1007 (1989). We look principally to the decisions of the United States Supreme Court and this circuit to determine whether the law was clearly established at the time of the action in our effort to determine ultimately whether a reasonable official could have considered his or her actions to be lawful. <u>Id.</u> at 424; <u>see also</u> <u>Hall v. Shipley</u>, 932 F.2d 1147, 1150 (6th Cir. 1991).

992 F.2d at 606 (emphasis added).

In <u>Eugene D. v. Karman</u>, 889 F.2d 701, 706 (6th Cir. 1989), the Sixth Circuit stated that the right "must have been articulated with a significant degree of particularity . . . ." In other words, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Id.</u> (quoting <u>Anderson v. Creighton</u>, 483 U.S. 635, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987)).

Thus, the issue is not whether a violation of the plaintiff's rights under a general provision of the Constitution occurred, but whether the specific right at issue was clearly established at the time of the alleged violation. In a word,

> [t]o determine whether qualified immunity protects [the defendants] we must inquire: 1) whether O'Brien identified a clearly established right alleged to have been violated; and 2) whether a reasonable police officer in the defendants' position should have known that his conduct was undertaken in violation of these rights.

<u>O'Brien v. City of Grand Rapids</u>, 23 F.3d 990, 999 (6th Cir. 1994) slip op. at * 15-16.

Here, the Court concludes that Bane is not shown to have acted in any matter to violate Plaintiff's Fourth Amendment rights. "Courts have recognized the combustible nature of

10

domestic disputes" and grant police officers "great latitude" in such circumstances. Tierney v. Davidson, 133 F.3d 189, 197 (2d Cir. 1988) The Defendant Bane's deputies are not shown to have violated Plaintiff's rights. Given that Bane is also sued in his official capacity as Sheriff of Smith County, further analysis is required.

In Marchese v. Lucas, 758 F.2d 181 (6th Cir. 1985), the Sixth Circuit described for Sectiom 1983 purposes the relationship between a county and its sheriff.

> We believe that the relationship between the County and the Sheriff's Department is so close as to make the County liable for the Sheriff's failure to train and discipline his officers and his ratification of the use of wanton brutality by members of his force which we have spelled out above. Obviously this holding is consistent with and indeed compelled by the U.S. Supreme Court's decision in Brandon v. Holt, supra.

Id. at 189. The Sixth Circuit has also found that where the sheriff was the "sole policymaker for the conduct of jail officials," to justify imposing liability against the county was proper. Heflin v. Stewart County, 958 F.2d 709, 716 (6th Cir.), reh'g granted in part, 968 F.2d 1 (6th Cir.1992)

Moreover, a prerequisite for municipal liability is that the officer's predicate acts must have violated the § 1983 plaintiff's federal rights. In City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986), the Supreme Court upheld the dismissal of a city and its police commission stating that: "[I]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point." In Hancock v. Dodson, 958 F.2d 1367, 1376 (6th Cir. 1992), the Court also observed that "[b]ecause the only city police officer present committed no constitutional violation, the city cannot be liable for failure to train its police officers."

If the municipal officer is dismissed on grounds of qualified immunity, then the City

remains potentially liable because the City cannot invoke the qualified immunity doctrine. Owen v. City of Independence, 445 U.S. 622, 657 (1980); Marsh v. Arn, 937 F.2d 1056, 1071 (6th Cir. 1991). In Barber v. City of Salem, 953 F.2d 232 (6th Cir. 1992), the Court explained:

> [I]t is possible that city officials may be entitled to qualified immunity for certain actions while the municipality may nevertheless be held liable for the same actions. For example, in [Owen], the Supreme Court held that while city officials were entitled to qualified immunity in a section 1983 action for discharge of a police chief without a hearing after publicly denouncing him as a thief, the city was nonetheless liable. The Court so held even though the Court's prior case which set forth the right to a hearing in similar situations, was decided two months after the police chief was denounced and dismissed.

Id. at 238 (footnote omitted).

Municipal liability may also rest upon prior unconstitutional conduct which should have provided notice to the municipality and its key officials. Brandon v. Holt, 469 U.S. 464, 466-67 nns. 3-5 (1985); Leach v. Shelby County Sheriff, 891 F.2d 1241 (6th Cir. 1989).

Here, the undisputed facts do not suggest any prior unconstitutional conduct by deputy sheriffs in this factual setting to place the County or Bane on any type of notice. Coupled with the lack of proof that Plaintiff's rights were violated, the County must be dismissed. Thus, the Defendant's motion for summary judgment is granted and this action should be dismissed as to Bane and the County.

An appropriate Order is filed herewith.

**ENTERED** this the 28th day of October, 2005.

WILLIAM J. HAYNES, JR.
United States District Judge